[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR NONSUIT DATED FEBRUARY 4, 2002 (#106)
The defendant moves for sanctions under the court's inherent power and P.B. 13-4 for plaintiff's violation of discovery orders. The plaintiff is claiming personal injuries arising out of a motor vehicle collision that occurred in Westport, Connecticut on May 8, 1998. The complaint was served on May 8, 2000. The defendant appeared on September 7, 2000 and filed a Request to Revise, the same date. The plaintiff filed neither an objection nor an amended complaint. On September 7, 2000 the defendant filed Requests for Interrogatories and Production. The plaintiff filed neither an objection nor a compliance.
On November 20, 2000 the defendant, pursuant to P.B. 13-14, filed a Motion for Non-Suit and/or other Relief. That motion was granted by the court on April 30, 2001 ordering compliance by June 11, 2001. The file contains no evidence of any compliance with the discovery order. A later Motion for Non-Suit and/or Other Relief was filed by the defendant dated April 23, 2001 addressing the plaintiff's failure to comply with the September 7, 2000 Requests'. This motion was not acted on due to the above mentioned order of April 30, 2001. Having received no compliance by June 11, 2001, the defendant filed on August 28, 2001 a Motion to Dismiss. This court denied the Motion to Dismiss on January 14, 2002 for failure to set forth the three requirements of Milibrook Owner'sAssociation v. Hamilton Standard, 257 Conn. 1, 17 (2001).
On February 4, 2002 the defendant filed this Motion for Non-suit and/or Other Relief alleging that the three requirements of Millbrook have been met and the plaintiff has not complied with the discovery Requests of September 7, 2000. That motion discloses defendant's efforts to obtain compliance by making telephone requests to plaintiff's counsel of record.
After review of the file this court finds:
 1. The Request for Interrogatories and Production CT Page 5688 dated September 7, 2000 was reasonably clear. The order to comply by June 11, 2001 was reasonably clear.
 2. The plaintiff failed to object within the requested period and the Requests thereafter became a court order. The plaintiff has failed to comply with the Requests despite said court order and the order requiring compliance by June 11, 2001. The court finds, therefore, that the reasonably clear court orders were violated by the plaintiff.
 3. The sanctions of the entry of a Non-Suit is proportional to this continuous violation of the court's discovery order. The court has considered the other sanctions set forth in P.B. 13-14 in making this finding.
The court orders that a Non-Suit enter as against the plaintiff, Ronald R. Schulman, for his failure to comply with the court order, Request for Interrogatories and Production filed by the defendant dated September 7, 2000, and the order thereafter issued on April 30, 2001 requiring compliance with said Requests by June 11, 2001.
BY THE COURT
TIERNEY, J.